MICHAEL E. WILBUR (State Bar No. 152361)
AFRICA E. DAVIDSON (State Bar No. 225680)
APEX EMPLOYMENT LAW, LLP
505 14th Street, Suite 900
Oakland, California 94612
Telephone: (510) 588-1310

Email:  mwilbur@apexemploymentlaw.com
        adavidson@apexemploymentlaw.com

Attorneys for Defendant
THE NEIL JONES FOOD COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| JUAN JOSE ANDRADE AGUILAR,<br><br>        Plaintiff,<br>    vs.<br><br>THE NEIL JONES FOOD COMPANY; and DOES 1 to 10,<br><br>        Defendant. | Case No.<br><br>**NOTICE OF REMOVAL** |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FORTHE EASTERN DISTRICT OF CALIFORNIA AND CLERK OF COURT:

PLEASE TAKE NOTICE that Defendant THE NEIL JONES FOOD COMPANY hereby removes the above-captioned action case, No. 23CECG03826, from the Superior Court of the State of California, County of Fresno to the United States District Court for the Eastern District for California, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441 and 1446.

**A.   JURISDICTION**

1.   The U.S. District Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (a)(1).  This case may be removed pursuant to 28 U.S.C. § 1441(b) because it is a

civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, it is between citizens of different states, and no defendant is a citizen of the State of California.

**B.   INTRADISTRICT ASSIGNMENT**

2.   Venue in the Fresno Division of the District Court is proper because the events giving rise to Plaintiff's purported claims occurred in Fresno County, California.  Civil L.R. 120(d).

**C.   GENERAL INFORMATION**

3.   On September 15, 2023, Plaintiff filed a Complaint in Superior Court of the State of California, County of Fresno, entitled *Juan Jose Andrade Aguilar vs. The Neil Jones Food Company, and Does 1 to 10,* and designated as Case No. 23CECG03826 (hereinafter the "Complaint").

4.   In the Complaint, Plaintiff alleges, among other things, that he is a resident of California and a former employee of Defendant THE NEIL JONES FOOD COMPANY.  Plaintiff claims that he was subjected to retaliation in violation of the Fair Employment and Housing Act (FEHA) and in violation of public policy; and that he was subject to additional violations of the FEHA, including a hostile work environment, disability discrimination, failure to accommodate, failure to engage in the interactive process, and failure to prevent discrimination and retaliation.  A true and correct copy of the Complaint, Summons, and all other documents Defendant THE NEIL JONES FOOD COMPANY received from the Fresno County Superior Court are attached hereto as Exhibit "A".

5   The Complaint was served on Defendant THE NEIL JONES FOOD COMPANY on October 19, 2023.  Defendant THE NEIL JONES FOOD COMPANY filed its Answer to said Complaint in the Fresno County Superior Court on November 16, 2023.  A true and correct copy of the Answer to Complaint is attached hereto as Exhibit "B".

6.   This Notice of Removal is timely in that it is filed within thirty days of October 19, 2023, the date Defendant received Plaintiff's service of the Complaint.

7.   This action may be removed to this Court pursuant to 28 U.S.C. § 1441 (b) because it is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332 (a).  This case is a civil action between citizens of different states and it is clear from the face of the Complaint that Plaintiff seeks more than $75,000 in damages, exclusive

of interest and costs.

**D.     DIVERSITY**

      8.     Diversity of citizenship exists based upon the following:

      a.     Defendant is informed and believes that Plaintiff was, at the time of commencing this action, and still is, a citizen of California. In paragraph 5 of his Complaint, Plaintiff alleges that he is, and at all times mentioned in his Complaint was a resident of Mendota, California. Defendant understands, is informed, and believes that Plaintiff does now and has at all pertinent times resided in the State of California with the intent to remain there, thus making him a citizen of California.

      b.     At the time this action was commenced, Defendant THE NEIL JONES FOOD COMPANY was, and still is, a corporation organized under the laws of the State of Washington, maintaining its principal place of business in the State of Washington. In paragraph 6 of the Complaint, Plaintiff alleges that Defendant THE NEIL JONES FOOD COMPANY is a Washington corporation. Even though Defendant THE NEIL JONES FOOD COMPANY does business in the State of California, Defendant THE NEIL JONES FOOD COMPANY is not a citizen of the State of California. 28 U.S.C. §1332 (c)(1).

      c.     The defendants designated as DOES 1 through 10 are fictitious defendants, are not parties to this action, have not been named or served, and are to be disregarded for the purpose of this removal. 28 U.S.C. § 1441 (a); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987).

      9.     Aside from Defendant THE NEIL JONES FOOD COMPANY, no other party has been named or served as of the date of this removal.

**E.     AMOUNT IN CONTROVERSY**

      10.     In order to satisfy the $75,000 amount in controversy requirement, the removing party must demonstrate that the amount in controversy "more likely than not" exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

      11.     The District Court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is met. *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377

(9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indemnity Co.*, 1994 F. Supp. 1196, 1198 (N.D. Cal. 1998).

12. In the present case, Plaintiff seeks an award of lost earnings and the value of lost employment benefits as a result of the termination of his employment, and he also seeks an award of damages for alleged emotional distress, punitive damages, and statutory attorneys' fees and costs. By his claim for recovery of attorneys' fees and costs alone, Plaintiff has put in controversy an amount in excess of $75,000. The same is true for his claims for recovery of emotional distress damages, punitive damages, and for lost earnings and employment benefits. In paragraph 12 of his Complaint, Plaintiff asserts that he made $16 per hour while employed by Defendant, and in paragraphs 11 and 19, he alleges that his employment was terminated effective October 1, 2021 (111 weeks before this Notice of Removal is being filed). As a result, by his claim for lost earnings alone, Plaintiff has placed in controversy more than $71,000 (111 weeks x 40 hours per week x $16 per hour = $71,040). When alleged "lost benefits" are added to this sum, the amount in controversy on the claim for lost income and benefits alone places more than $75,000 in controversy. Therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

13. All pleadings, process or orders that have been received by Defendant THE NEIL JONES FOOD COMPANY or filed by Defendant THE NEIL JONES FOOD COMPANY in the case are attached hereto. Defendant has received no other process, pleadings or orders.

Dated: November 17, 2023     APEX EMPLOYMENT LAW, LLP

By: _____
    MICHAEL E. WILBUR
    AFRICA E. DAVIDSON
    Attorneys for Defendant
    THE NEIL JONES FOOD COMPANY