MICHAEL E. WILBUR (State Bar No. 152361)
AFRICA E. DAVIDSON (State Bar No. 225680)
APEX EMPLOYMENT LAW, LLP
1970 Broadway, Suite 850
Oakland, California 94612
Telephone: (510) 588-1310

Email:  mwilbur@apexemploymentlaw.com
        adavidson@apexemploymentlaw.com

Attorneys for Defendant
THE NEIL JONES FOOD COMPANY


SANG (JAMES) PARK, (State Bar No. 232956)
*sang@park-lawyers.com*
PARK APC
8383 Wilshire Boulevard, Suite 800
Beverly Hills, California 90211
Telephone: (310) 627-2964
Fax:         (310) 362-8279

Attorneys for Plaintiff
JUAN JOSE ANDRADE AGUILAR

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| JUAN JOSE ANDRADE AGUILAR,<br><br>        Plaintiff,<br>    vs.<br><br>THE NEIL JONES FOOD COMPANY; and DOES 1 to 10,<br><br>        Defendant. | Case No. 1:23-cv-01624-KES-BAM<br><br>**STIPULATION RE [PROPOSED] PROTECTIVE ORDER**<br><br>Action Filed: September 15, 2023<br>Trial Date:  March 31, 2026 |

1

STIPULATION REGARDING [PROPOSED] PROTECTIVE ORDER

WHEREAS the parties in this action pending in the United States District Court, Eastern District of California, Case No. 1:23-cv-01624-KES-BAM ("the Litigation"), anticipate that during the course of the Litigation documents and/or information of a sensitive, private, and confidential nature may be produced in the course of discovery or otherwise disclosed or provided, and the parties wish to protect the confidentiality of such documents or information while ensuring that discovery may be pursued with a minimum of delay and expense;

THEREFORE Plaintiff Juan Jose Andrade Aguilar and Defendant The Neil Jones Food Company (hereafter "Party or Parties"), by and through their respective undersigned counsel, hereby stipulate and agree as follows, and request entry of this proposed protective order consistent with the following terms:

1.  <u>Confidential Information":</u>  For purposes of this Order, "Confidential Information" is any type or classification of information that is designated as "Confidential" by any party, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, response to request for admission, or otherwise, that a party in good faith seeks to protect from disclosure or to make subject to only limited disclosure during the Litigation to protect legitimate business interests, the privacy rights of third-persons, or for any other reason, whether or not such information is expressly protected by state or federal law. Confidential Information includes, but is not limited to, the following:

    (a)     Protected Health Information ("PHI"), as defined by California Evidence Code § 1157 and/or California Health and Safety Code §§ 1370 and 1370.1 and/or the California Confidentiality of Medical Information Act, Civil Code § 56, *et seq.*;

    (b)     Personnel and employee information (including without limitation the addresses, email addresses, and telephone numbers of present or former employees of Defendant, not including that of Plaintiff;

    (c)     Information the disclosure of which would potentially impair the competitive position of Defendant;

    (d)     Other financial and business information not available to the public;

    (e)  Information relating to the organizational structure of Defendant; and

    (f)  Information relating to the clients of Defendant, including such clients' personal identifying information or personal health information.

  1.  <u>Scope of Order</u>:  The protections of the Order may be invoked with respect to the originals or copies of any documents, oral testimony, notes, data, information, summaries, extracts, or things (collectively, "materials") produced, created, or given in the Litigation in any form which contain Confidential Information.

  2.  <u>Designation of Materials Containing Confidential Information</u>:  A party may designate materials as "Confidential" for purposes of this Order in the following manner:

    (a)  <u>Documents</u> (apart from depositions or other pretrial testimony): the legend "CONFIDENTIAL" shall be affixed on the pages containing any Confidential Information at the time such documents are produced, or as soon thereafter as the party seeking protection becomes aware of the confidential nature of the information disclosed and can reasonably make such a designation, except as otherwise agreed upon by the Parties.  The Parties may also retroactively designate information or materials that were disclosed or produced prior to entry of a protective order, provided that such designation is made within thirty (30) days of entry of such an order in those instances in which the party is already aware of the confidential nature of the information disclosed or, if not, as soon thereafter as the party seeking protection becomes aware of the confidential nature of the information disclosed and can reasonably make such a designation, except as otherwise agreed upon by the Parties.

    (b)  <u>Depositions Or Other Pretrial Testimony</u>:  Witness testimony may be designated as Confidential Information as follows:  (i) the designating party, through counsel, may make a statement on the record during such deposition or other pretrial proceeding that the entire transcript or a portion thereof shall be designated as Confidential; or (ii) by counsel's written notice of such designation sent to counsel for all other parties within thirty (30) days after receipt of the deposition transcript or within thirty (30) days after the entry of a protective order, whichever occurs later.  Upon being informed that certain portions of a deposition disclose Confidential Information,

the court reporter shall separately bind the appropriate pages and stamp "Confidential" on each page, or if designated after the transcript has been prepared, each party must cause each copy in their custody or control to be so marked immediately.  The parties shall treat all depositions and other pretrial testimony as Confidential until the expiration of the period of time during which the deposition transcript may be designated as Confidential.  The Parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or by written stipulation, without further order of the Court.

4. <u>Objection to Designation and Modification</u>:  If any party believes that a document or other information, which has been designated as Confidential, should not properly be treated as Confidential Information within this Order, that party must notify the disclosing party of its disagreement with the Confidential designation at its earliest opportunity and, in any event, no later than thirty (30) days after Confidential Information has been disclosed/produced to that party. Counsel for the parties will then endeavor to reach an agreement regarding the status of that document or information.  If no agreement can be reached, the party seeking to challenge the confidentiality of the document shall file a motion for relief with the Court.  Until the Court resolves the motion, the document or information will be treated as Confidential Information (as designated by the designating party) under the terms of this Order.  Additionally, a party may agree to produce information only on the condition that it is designated as Confidential.  If that condition is accepted by the party to whom the information is produced, the information shall not be subject to de-designation under this paragraph.

5. <u>Persons To Whom Confidential Information May Be Disclosed</u>:  Except as may be provided by order of the Court, or provided in Paragraph 6, information designated "Confidential" may be disclosed only to:

   (a) the parties to this Litigation, and officers, directors, and employees of any party;

   (b) the parties' attorneys, including "inside" and "outside" counsel, and their support staff, investigators, legal assistants, agents and employees;

(c) experts or consultants (together with their clerical staff), retained by such counsel to assist in the prosecution, defense, or settlement of the Litigation;

(d) the judiciary specific to the Litigation, its employees and its agents, including jurors;

(e) court reporters and videographers of sworn proceedings;

(f) testifying witnesses in the Litigation;

(g) any person who a document, on its face, indicates was the author or recipient (i.e. listed as a recipient or a "cc" or "bcc") of the document; and

(h) vendors retained by counsel for the parties to photocopy or image documents or evidence or to prepare demonstrative or other exhibits for deposition, trial or other court proceedings.  In addition, deposition transcripts containing Confidential Information may be shown to the deponent for the purpose of correction, but the deponent may not retain a copy of those portions of the transcript containing Confidential Information.

6. <u>Disclosure Pursuant to Consent</u>:  Confidential Information may also be disclosed to anyone so authorized by the prior written consent of all of the parties hereto, subject to and conditioned upon compliance with Paragraph 7.  In the event that agreement cannot be reached, the party seeking access to Confidential Information shall apply to the Court for relief.

7. <u>Promise of Confidentiality by Authorized Persons</u>

(a) All persons authorized to receive Confidential Information, listed in Paragraphs 5 and 6 above, except for those persons identified in Paragraph 5, subsections (a), (b), (d), (e), and (h) may be given access to materials designated as Confidential only after they first confirm their understanding and agreement to abide by the terms of any protective order arising from this Order, by completing and signing a copy of a Certification in the form attached as Exhibit A. Such persons shall agree to be bound by this Order and to be subject to the jurisdiction of the Court for the purpose of its enforcement. If any persons listed in Paragraph 5(c), (f), and (g) above received Confidential materials before the execution of this Order Re: Confidentiality and entry of a protective order, such persons shall sign the Certification in Exhibit A promptly after the protective

order has been approved.  Nothing in this Order shall require pre-mature disclosure of experts/consultants or be deemed a waiver of the privilege in said experts/consultants prior to their required designation under the California Code of Civil Procedure.

(b)     While vendors referenced in Paragraph 5(h) are not required to sign the Certification in Exhibit A (referenced in section (a) of this paragraph above), counsel for the parties shall take all necessary and reasonable steps to ensure that any such vendor maintains the confidentiality of all Confidential Information. Violation of this requirement by any vendor shall be deemed a violation of this Stipulated Confidentiality Agreement and Protective Order by the counsel who engaged such service.

8.     <u>Use and Disclosure of Confidential Materials</u>:  Confidential Information may be used only as provided below:

(a)     <u>Limited Use of Confidential Information by Recipient</u>:  Confidential Information shall be used or disclosed by the party and persons to whom it is disclosed solely for purposes of and only to the extent reasonably necessary to prosecute or defend <u>the Litigation</u>. Confidential Information shall <u>not</u> be used or disclosed by such party or persons for any other purpose, unless specifically agreed to in writing by all parties to the Litigation or as authorized by further order of the Court.  No person who is furnished Confidential Information shall disclose it to any person not entitled under this Order to receive it.  Qualified Persons to whom Confidential Information is produced or disclosed shall take reasonable measures to safeguard and maintain the confidentiality of such information subject to this Order.

(b)     <u>Party's Use of Own Information Unrestricted</u>:  The restrictions on the use or disclosure of Confidential Information established by this Order are applicable only to the use or disclosure of Confidential Information by the recipient of such information so designated by another person or party.  A designating person or party is free to do whatever it desires with documents, information, and other things which it produces for the other party, irrespective of any designation of those documents or that information as Confidential Information.

9. <u>Reservation of Rights:</u> Entering into, agreeing to, and/or producing or receiving documents or information designated as Confidential, or otherwise complying with the terms of this Order, shall not:

(a) prevent the Court from entering or admitting Confidential Information into evidence;

(b) prejudice in any way the rights of any party to object to the production of, or otherwise obligate any party to produce, documents or other materials he, she, or it considers not subject to discovery;

(c) prejudice in any way the rights of any party to redact confidential information on a document prior to disclosure or production, regardless of whether the document is designated as Confidential Information subject to this Order and any protective order;

(d) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document or testimony or other materials subject to this Order;

(e) prejudice in any way the rights of any party to seek a determination by the Court as to whether any documents or testimony should be subject to the terms of this Order;

(f) prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly Confidential Information; and

(g) prevent the parties to this Order from agreeing in writing or on the record during a deposition or hearing to alter or waive any provision of this Order with respect to any particular document or testimony.

10. <u>Procedures For Filing/Lodging Papers In Court</u>

(a) <u>Compliance With Court Rules</u>: Subject to any contrary agreement by the parties at the time, any pleadings, exhibits or filings which contain Confidential Information or testimony designated as Confidential Information shall be filed by the recipient of such information under seal with the Court in a sealed envelope on which shall be written the following statement: "Confidential Information Under Seal."  To the extent feasible, only the pages or exhibits or portions thereof containing Confidential Information should be filed under seal.  A party desiring to file

Confidential Information shall comply with Rules 2.550, 2.551, and 8.46 of the California Rules of Court (pertaining to filing papers under seal).

(b)     Election Not To Seal:  Both parties agree that an election by a party that designated information as Confidential not to seek an order placing specific documents that include such Confidential Information under seal does not constitute a waiver of this Order.  Furthermore, any documents that the Court declines to order sealed do not lose their status as Confidential Information as a result thereof.

11.     Inadvertent Disclosure Of Confidential Or Privileged Information

(a)     If a party inadvertently produces Confidential Information without marking it Confidential, and it appears from the face of the document or deposition transcript that it contains Confidential Information, then such document or deposition transcript shall be treated as Confidential.  As soon as the receiving party becomes aware of any inadvertent production, it shall promptly notify all parties that such document or deposition transcript is Confidential, and the document or deposition transcript must be treated as if it had been timely designated as Confidential under this Order. If the receiving party in good faith distributed or disclosed such document or deposition transcript to others, the receiving party must endeavor in good faith to obtain all copies of the document or transcript which it distributed to persons not authorized to access such information by Paragraph 5 above, as well as any copies made by such persons, and/or require any person receiving such document or information to sign the Certification attached as Exhibit A.

(b)     If a party inadvertently produces a document that it later discovers or in good faith asserts to be a privileged document, the production of that document shall not be deemed to constitute the waiver of any applicable privileges. In such circumstances, the producing party must immediately notify the receiving party of the inadvertent production and request the return (or at the option of the producing party confirmed destruction) of the privileged materials. Within five (5) days of receiving such notification, the receiving party shall return or confirm destruction of all such materials, including any summaries thereof. Such return or confirmation of destruction shall not preclude the receiving party from seeking to compel production of the materials for reasons other

than its inadvertent production and shall not constitute an admission by the receiving party that the materials were, in fact, privileged.

      12.    <u>Compliance Pending Entry of Order:</u> The parties agree to be bound by the terms of this Order pending its entry by the Court or pending the entry of an alternative order that is satisfactory to the Court and to all parties.  If any party discloses confidential information or produces documents in reliance on the terms of this Order prior to entry of a protective order, the party to whom the information is disclosed shall cooperate in ensuring such information is protected pursuant to such terms, or as otherwise agreed upon by the disclosing party, regardless of whether such terms are ultimately included in any such order.

      13.    <u>Return of Confidential Information</u>:  To ensure the protection of Confidential Information beyond the life of the Litigation, such information shall be returned or otherwise protected from disclosure as follows:

      (a)    Upon the final disposition (including any appeal, writ, review or rehearing) of the Litigation, each document previously designated as Confidential Information, and any copies thereof, shall be returned to and/or made available for retrieval by, the party who made the designation (or the party's agent), upon request and within thirty (30) days of such request.  As to retrieving documents designated as Confidential Information from the Court, each party agrees to cooperate in providing any requested written authorization to allow the Court to release said documents back to the designating party.

      (b)    In addition, within sixty (60) days of final termination of the Litigation, either party may file a motion requesting that any attorney work-product documents which incorporate or reference particular Confidential Information produced by the opposing party pursuant to this Order be: (i) destroyed; (ii) redacted to delete all references to the Confidential Information; and/or (iii) sealed for a specified period of time and subsequently destroyed.  The Court shall retain jurisdiction after termination of the Litigation to hear any such motion and to enforce any order or ruling issued in connection with such a motion.

STIPULATION REGARDING [P<small>ROPOSED</small>] P<small>ROTECTIVE</small> O<small>RDER</small>

14. <u>Survival of Obligations and Court's Retention of Jurisdiction</u>:  The obligations created by this Order shall survive the termination of the Litigation unless otherwise modified by the Court.  This Court shall retain jurisdiction, even after termination of this Litigation, to enforce this Order and to make such amendments and modifications to this Order as may be appropriate.

15. <u>Modification of Order</u>:  Any party may apply to the Court for an order permitting disclosure of Confidential Information other than as set forth herein or otherwise modifying this stipulated Protective Order in any respect.

Date: March 21, 2024             APEX EMPLOYMENT LAW, LLP

By:   */s/ Africa E. Davidson*
          MICHAEL E. WILBUR
          AFRICA E. DAVIDSON
          Attorneys for Defendant
          THE NEIL JONES FOOD COMPANY

Dated: March 21, 2024            PARK APC

By:   */s/ Sang (James) Park*
          SANG (JAMES) PARK
          Attorneys for Plaintiff
          JUAN JOSE ANDRADE AGUILAR

# EXHIBIT A

## CERTIFICATION RE CONFIDENTIAL MATERIALS

I, [Print Name] _____, declare:

1. My residence address is: _____.

My present occupation is _____.

2. I have received a copy of the Stipulated Protective Order in the action entitled, *Juan Jose Andrade Aguilar v. The Neil Jones Food Company et al.*, pending in the United States District Court, Eastern District of California, Case No. 1:23-cv-01624-KES-BAM. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those specifically authorized by the Protective Order, and will not copy or use except for purposes of the Litigation, any document or information designated as Confidential which I receive or learn about in the Litigation.

4. I agree to submit to the jurisdiction of the court for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after the termination of this action.

5. I further understand that I am to retain all Confidential Materials provided to me in this proceeding in a secure manner until termination of my participation in this proceeding, whereupon all such Materials will be returned to counsel who provided it to me.

Executed this _____ day of _____, 202\_\_, at _____.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Signature

**ORDER**

On March 21, 2024, the parties filed a stipulated protective order. (Doc. 18.) On March 25, 2024, the parties refiled the stipulated protective order to correct a typographical error. (Doc. 19.) Having considered the parties' stipulation (Doc. 19) and finding good cause, the Court adopts the signed stipulated protective order.

The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents subject to the protective order to be filed under seal must be accompanied by a written request which complies with Local Rule 141 prior to sealing. The party making a request to file documents under seal shall be required to show good cause for documents attached to a non-dispositive motion or compelling reasons for documents attached to a dispositive motion. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2009). Within five (5) days of any approved document filed under seal, the party shall file a redacted copy of the sealed document. The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential.

Additionally, the parties shall consider resolving any dispute arising under the protective order according to the Court's informal discovery dispute procedure

IT IS SO ORDERED.

Dated:  **March 25, 2024**                    /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE